UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re:<br><br>BROWN & COLE STORES, LLC,<br><br>        Debtor,<br><br>ASSOCIATED GROCERS, INC.,<br><br>        Appellant,<br><br>    v.<br><br>BROWN & COLE STORES, LLC; BROWN & COLE, INC.,<br><br>        Appellees. | No. C07-1472RSL<br><br>Bankruptcy No. 06-13950SJS<br><br>Bankruptcy Appeal No. 07-S026<br><br><br>ORDER DENYING ASSOCIATED GROCERS, INC.'S EMERGENCY MOTION FOR STAY PENDING APPEAL |

## I. INTRODUCTION

This matter comes before the Court on the "Emergency Motion of Associated Grocers, Inc. For Stay Pending Appeal" (Dkt. #2). In its motion, Associated Grocers, Inc. ("Associated Grocers") requests that this Court stay the "Order Granting Debtor's Motion for Authority to Pay Remaining Balance Remaining in PACA Trust Account on DIP Loan" (hereinafter "Order Granting Motion for Authority to Pay") entered on September 18, 2007 by the Honorable Samuel J. Steiner, United States Bankruptcy Judge for the Western District of Washington. See Dkt. #3 (Alston Decl.), Ex. 19; Dkt. #784 in C06-13950SJS. For the reasons stated below, the

ORDER DENYING EMERGENCY MOTION
FOR STAY PENDING APPEAL

Court denies Associated Grocers' emergency motion.[1]

## II. DISCUSSION

**A.     Background**

On November 7, 2006, Brown & Cole Stores, LLC, one of the largest privately-held retail grocery store chains in the Pacific Northwest, filed a motion in the United States Bankruptcy Court for the Western District of Washington for an order approving procedures for pre-petition claims under the Perishable Agricultural Commodities Act, 7 U.S.C. § 799 et seq. ("PACA").  See Dkt. #3, Ex. 2.  On December 1, 2006, Judge Steiner granted the motion and his order outlined the approved procedures for administering PACA claims.  Id., Ex. 4.  On November 21, 2006, Associated Grocers filed a motion in Bankruptcy Court for the immediate turnover of PACA assets.  Id., Ex. 3.  By oral ruling on June 15, 2007, and later by written order on September 14, 2007, Judge Steiner denied Associated Grocers' motion for immediate turnover of PACA assets.  See Dkt. #3 at ¶4; Ex. 18 (Order) at 2 (stating that Associated Grocers "does not hold a valid claim under [PACA] against the Debtor or any of the Debtor's assets or the assets of this bankruptcy estate.").

On August 22, 2007, Brown & Cole Stores, LLC filed a motion in Bankruptcy Court for authority to pay the balance remaining in the PACA trust to certain lenders.  See Dkt. #6 (Alston Decl.), Ex. 1.  On September 18, 2007, Judge Steiner conducted a hearing and entered the Order Granting Motion for Authority to Pay.  See Dkt. 3, Ex. 19.  Associated Grocers now requests that this Court stay Judge Steiner's September 18, 2007 order.

**B.     Analysis**

Federal Rule of Bankruptcy Procedure 8005 states in part that "[a] motion for a stay of the . . . order . . . of a bankruptcy judge . . . must ordinarily be presented to the bankruptcy judge

---

[1] The parties have not requested oral argument under Local Civil Rule 7(b)(4).  Accordingly, the Court decides this matter on the memoranda, declarations, and exhibits submitted by the parties.

in the first instance. . . .  A motion for such relief, or for modification or termination of relief granted by a bankruptcy judge, may be made to the district court or the bankruptcy appellate panel, but the motion shall show why the relief, modification, or termination was not obtained from the bankruptcy judge."  In this case, Associated Grocers admits that it did not present the request for stay first to Judge Steiner as ordinarily required by Rule 8005.  <u>See</u> Motion at 7.  In its motion, Associated Grocers explains that it did not present the motion for stay to Judge Steiner because:

> Here, it is certain that the Bankruptcy Judge would not grant a stay, so making the request first in the Bankruptcy Court would have been futile.  The Bankruptcy Court stated that it would deny any motion for reconsideration and AG [Associated Grocers] should not bother – even though AG has the right present [sic] such as [sic] a motion.

Motion at 8.  The Court does not find this argument persuasive.

First, the Order Granting Motion for Authority to Pay expressly states that "[t]he Debtor is authorized to pay the balance remaining in its PACA Trust Account on its DIP Loan after ten (10) calendar days following the date of entry of this Order <u>unless a Notice of Appeal is filed and the Court enters an Order granting a stay pending appeal</u>."  Dkt. #3, Ex. 19 (emphasis added).  While Associated Grocers contends that attempting to obtain a stay from Judge Steiner would have been futile based on Judge Steiner's rulings at the September 18, 2007 hearing, the Court finds that at the hearing Judge Steiner did not preclude the Bankruptcy Court from staying the order.  <u>See</u> Dkt. 33, Ex. 23 (September 18, 2007 Transcript of Proceedings before Judge Steiner) at 5:5-8 (The Court: "Let me ask you, let's say you file your notice of appeal within the 10 days and you move for a stay, and then the stay is granted on some basis. . . . [D]oesn't that accomplish your purpose?").

Unlike the facts from <u>In re Moreau</u>, 135 B.R. 209, 212 (N.D.N.Y. 1992), a case cited by Associated Grocers in support of its motion, there is no indication from the September 18, 2007 hearing or otherwise that Judge Steiner has a policy against staying his own orders.  <u>See</u> Motion at 7; <u>In re Moreau</u>, 135 B.R. at 212 ("Judge Mahoney's apparent blanket policy against staying

his own orders would render futile an attempt to seek a stay in that court, and thus justifies Beneficial's motion in this court for a stay pending appeal."). And the facts here are distinguishable from the case cited by Associated Grocers, <u>Tooke v. Sunshine Trust Mortgage Trust No. 86-225</u>, 149 B.R. 687, 689 (M.D. Fla. 1992), where the court stated that appellants "may seek further relief within the thirty (30) day period from the <u>United States District Court</u>." (emphasis added). Unlike the order in <u>Tooke</u>, the Order Granting Motion for Authority to Pay did not expressly preclude the Bankruptcy Court from considering a stay.

Associated Grocers' argument that Judge Steiner's prospective denial of a motion for reconsideration shows that a motion for stay in Bankruptcy Court would have been futile is also unavailing. It is true that at the September 18, 2007 hearing Judge Steiner prospectively denied any motion for reconsideration of the Order Granting Motion for Authority to Pay. <u>See</u> Dkt. #3, Ex. 23 at 6:13-19 (The Court: "Well, I want to get this order entered one way or another. And let's just approach it from the point of view that the motion for reconsideration is denied." Mr. Cullen: "But I haven't made it yet." The Court: "I know, but if you do, it's denied." Mr. Cullen: "Okay."). But, the Bankruptcy Court's decision whether to reconsider an order on the merits is not the same as a determination to stay an order pending appeal. <u>Compare</u> <u>In re Byrd</u>, 172 B.R. 970, 974 (Bankr. W.D. Wash. 1994) (stating the standard for stay), <u>with</u> <u>In re Winders</u>, 202 B.R. 512, 517 (D. Kan. 1996) (discussing standards for motion for reconsideration); <u>see, e.g.</u>, <u>In re Zahn Farms</u>, 206 B.R. 643, 645 (B.A.P. 2d Cir. 1997) (denying a motion for stay for failure to comply with Rule 8005 because the motion "ignores . . . that the standards governing requests for stay pending appeal are different from the standards governing requests for injunction."). Associated Grocers' failure to seek a stay from Judge Steiner "ha[s] denied this [Court] the benefit of the views of the Judge who is familiar with the issues pertaining to any purported emergency." <u>In re Zahn Farms</u>, 206 B.R. at 645. Furthermore, Associated Grocers' decision to forego a motion for stay in the Bankruptcy Court ignores the policy behind Rule 8005. "[C]ase law indicates that stay of a final order is not to be granted lightly. In fact, the

Ninth Circuit Bankruptcy Appellate Panel has held that an appellate panel (or a district court sitting as such), by generally staying enforcement of a bankruptcy court judgment pending appeal, departs from the fundamental principles of appellate review and unnecessarily assumes responsibilities ordinarily reserved to the trial court, where the party requesting relief is not only unable to demonstrate any abuse of discretion by the trial judge, but also is unable even to show that issue of a stay pending appeal was presented to the trial judge." In re Wilson, 53 B.R. 123, 124 (D. Mont. 1985) (citing In re Wymer, 5 B.R. 802 (B.A.P. 9th Cir. 1980)).

### III.  CONCLUSION

Associated Grocers has failed to present a persuasive justification for its failure to comply with Federal Rule of Bankruptcy Procedure 8005 by first presenting the motion to stay to the Bankruptcy Court.  Accordingly, the "Emergency Motion of Associated Grocers, Inc. For Stay Pending Appeal" (Dkt. #2) is DENIED.

DATED this 27th day of September, 2007.

/s/ Robert S. Lasnik
Robert S. Lasnik
United States District Judge

ORDER DENYING EMERGENCY MOTION
FOR STAY PENDING APPEAL                    -5-